UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSEPH L. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   C07-1326-MJP-MJB |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS NAYLOR, *et al.*, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding *pro se*, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP application"). The complaint names as defendants Marcus Naylor, an attorney who defended plaintiff in criminal proceedings in King County Superior Court, and Mr. Naylor's employer, the Northwest Defender's Association. Plaintiff alleges that due to Mr. Naylor's ineffective assistance of counsel, he was sentenced to one month more in prison than was warranted. (Proposed Complaint at 3-4). Plaintiff further asserts that his case is currently before the Washington Court of Appeals for possible resentencing. (*Id.*) Pursuant to 28 U.S.C. § 1915A, the Court has reviewed the complaint and IFP application, and, for the reasons stated below, the Court recommends that plaintiff's IFP application be denied and that the complaint and this action be dismissed.

First, when public defenders such as Mr. Naylor are acting in their role as advocate, they are not acting under color of state law for the purposes of 42 U.S.C. § 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992). Plaintiff alleges that Mr. Naylor was ineffective while representing him in

REPORT & RECOMMENDATION
PAGE - 1

1  state court. Thus, plaintiff does not allege that Mr. Naylor was not acting as an advocate.
2  Accordingly, plaintiff has not alleged, nor could he, that Mr. Naylor was acting under color of state
3  law at the time of the events giving rise to this lawsuit.
4      Second, if the Court were to construe the complaint as a petition for a writ of habeas corpus
5  pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in state court, plaintiff would not
6  be able to proceed because he has not exhausted his state court remedies. Plaintiff concedes that the
7  Washington Court of Appeals is reviewing his request for resentencing. Accordingly, a habeas
8  petition could not proceed here until petitioner's appeal has been decided. *See* 28 U.S.C. § 2254(b).
9      For the foregoing reasons, plaintiff's IFP application should be denied and this matter
10  dismissed. A proposed Order reflecting this recommendation is attached.
11      DATED this 5th day of September, 2007.

                                              MONICA J. BENTON
                                              United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE - 2