UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH L. WASHINGTON,

    Plaintiff,

  v.

MARCUS NAYLOR, *et al.*,

    Defendant.

No. C07-1326 MJP-MJB

ORDER DISMISSING
PLAINTIFF'S OBJECTIONS
TO THE REPORT AND
RECOMMENDATION

    This matter comes before the Court on a report and recommendation by the Honorable Monica J. Benton, United States Magistrate Judge, regarding what the Court construes as Plaintiff Joseph L. Washington's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the Report and Recommendation, Plaintiff's objections, and the balance of the record, the Court finds and ORDERS as follows:

    (1)    Plaintiff's objections are DISMISSED. Plaintiff did not timely make his objections to the Report and Recommendation. Plaintiff was required to submit objections by September 26th, 2007, but none were received until October 11th, 2007.

    (2)    Even if the Court were to address the merits of Plaintiff's objections dismissal would be appropriate. Plaintiff is under the mistaken belief that if he did not file this action within three years of his sentencing in State court he would be "disqualified [...] from making a claim." (Dkt. No. 6, Pl.'s Objection.) However, Plaintiff does not cite the rule to which he refers, nor is the Court aware of any

ORDER - 1

such time limitation on a petition for a writ of habeas corpus.  Under 28 U.S.C. § 2244(d)(1), Plaintiff has one year to apply for a writ of habeas corpus.  The one-year limitations period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  As Plaintiff concedes, the Washington Court of Appeals is reviewing his request for resentencing.  Thus, his habeas petition is not ripe because he has not exhausted his State remedies.  28 U.S.C. § 2254(b)(1)(A).

Dated:   October 16, 2007.

s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 2